IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JESUS MALDONADO ZAVALA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-20-1139-STE |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant.[1] ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for disability insurance benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues, the Court **AFFIRMS** the final decision of the Commissioner.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Therefore, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.     PROCEDURAL BACKGROUND

On March 1, 2019, Mr. Zavala filed a Title II application for disability insurance benefits (DIB) alleging a disability beginning July 24, 2009. Initially and on reconsideration, the Social Security Administration denied Plaintiff's application for benefits. Following an administrative hearing, (TR. 47-73) an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 10-33). The Appeals Council denied Plaintiff's request for review, rendering the decision of the ALJ the final decision of the Commissioner. (TR. 1-5).

## II.    THE ADMINISTRATIVE DECISION

The ALJ determined Mr. Zavala's insured status for DIB expired on December 31, 2014. Thus, it was incumbent upon Mr. Zavala to demonstrate he was disabled during the closed period ending on December 31, 2014.

The ALJ then followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 404.1520. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity after his alleged onset date. (TR. 12). At step two, the ALJ determined Mr. Zavala suffered from the following severe impairments: obesity; sleep apnea; back disorder; post-traumatic stress disorder (PTSD); major depressive disorder; and adjustment disorder. (TR. 13). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR. 13).

At step four, the ALJ concluded that Mr. Zavala retained the residual functional capacity (RFC) to:

> [L]ift and carry 20 pounds occasionally and 10 pounds frequently. The claimant could sit for about 6 hours during an eight-hour workday and could stand and walk for about 6 hours during an eight-hour workday. The claimant could occasionally climb, balance, stoop, kneel, crouch, and crawl. The claimant could understand, remember, and carry out simple, routine, and repetitive tasks. The claimant could relate to supervisors and co-workers on a superficial work basis. The claimant could have no contact with the general public. The claimant could adapt to a work situation.

(TR. 19).

At the second phase of step four, the ALJ concluded Mr. Zavala's past relevant work was that of a truck driver, an occupation requiring the ability to perform heavy exertional work. Thus, at the last phase of step four, the ALJ found Mr. Zavala could not do his past relevant work. (TR. 31).

At the administrative hearing, the ALJ asked a vocational expert (VE) whether a hypothetical younger person with Mr. Zavala's educational background and RFC could perform other jobs existing in significant numbers in the national economy. (TR. 69-72). Given the limitations, the VE identified three jobs from the *Dictionary of Occupational Titles* (DOT): Office Helper, Laundry Sorter, and Bakery Racker. (TR. 70-71) At step five, the ALJ adopted the VE's testimony and concluded that Mr. Zavala was not disabled based on his ability to perform the identified jobs. (TR. 32-33).

### III.   ISSUES PRESENTED

On appeal, Mr. Zavala challenges the ALJ's step-two determination, arguing that the ALJ neglected to identify any nonsevere impairments and did not consider the functional limitations from his nonsevere impairments. Specifically, Mr. Zavala contends

3

the ALJ's RFC determination did not account for his hip pain, knee pain, irritable bowel syndrome, and gastroesophageal reflux disease (GERD) and anxiety. Mr. Zavala further argues the ALJ violated agency policy at step five of the sequential evaluation by identifying jobs that require a reasoning level beyond his ability.

## IV.   STANDARD OF REVIEW

The Social Security Act authorizes payment of benefits to an individual with disabilities. 42 U.S.C. § 401, *et seq*. A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death[,] or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see* 20 C.F.R. § 404.1509 (duration requirement). Both the "impairment" and the "inability" must be expected to last not less than twelve months. *Barnhart v. Walton*, 535 U.S. 212 (2002).

The Court must determine whether Defendant's decision is supported by substantial evidence in the record and whether the correct legal standards were applied. *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, ___ U.S.___, 139 S. Ct. 1148, 1154 (2019). Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotations omitted).

The "determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the Court must] remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citation, quotations, and alteration omitted).

The Court must also be mindful that reviewing courts may not create post-hoc rationalizations to explain Defendant's treatment of evidence when that treatment is not apparent from the decision itself. *Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005) (citing, e.g., *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004); *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943)).

## V.   ANALYSIS

### A.   Consideration of Nonsevere Impairments

Mr. Zavala challenges the step-two finding alleging the ALJ erred in failing to identify any nonsevere impairments.

In assessing a claimant's RFC, an ALJ is instructed to "consider the combined effect of all of the claimant's medically determinable impairments, whether severe or not severe." *Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013); *see* 20 C.F.R. § 404.1545(a)(2). The ALJ identified only severe impairments at step two of the sequential analysis. (TR. 13). Therefore, Plaintiff asserts, the ALJ failed to take his nonsevere impairments into account when assessing his RFC.

In *Wells*, the ALJ had determined at step two that the plaintiff's mental impairments were not severe and had stated that "these findings do not result in further

5

limitations in work-related functions in the RFC assessment below." *Wells*, 727 F.3d at 1069 (alterations and internal quotation marks omitted). Noting that this statement "suggests that the ALJ may have relied on his step-two findings to conclude that [the claimant] had no limitation based on her mental impairments," the Tenth Circuit held that "the Commissioner's regulations demand a more thorough analysis" for the RFC determination. *Id.* at 1069, 1071.

But in contrast to the plaintiff in *Wells,* who challenged only the ALJ's treatment of identified, medically determinable, nonsevere mental impairments, Mr. Zavala has included *symptoms* of impairments in addition to actual medically determinable impairments in his challenge to the ALJ's step-two findings. For example, hip pain, bilateral knee pain, insomnia, fatigue, malaise, and in this case anxiety,[2] are *symptoms* of underlying conditions rather than proof of medically determinable impairments.

A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A medically determinable impairment must be established by "objective medical evidence," such as medical signs and laboratory findings, from an "acceptable medical source," such as a licensed and certified psychologist or licensed physician; the plaintiff's own

---

[2] Although anxiety is a listed impairment, *see* 20 C.F.R. Part 404, Subpart P, Appendix 1 Listing 1.06, Plaintiff has not identified any medical records in which he was actually diagnosed with "anxiety." Rather, the records on which Mr. Zavala relies, diagnose him with "adjustment disorder with anxiety" (TR. 447, 476, 514-515, 533-534, 628) or "PTSD," describing his mood as "anxious." (TR. 899-900).

"statement of symptoms, a diagnosis, or a medical opinion is not sufficient to establish the existence of an impairment(s)." 20 C.F.R. § 404.1521.

In this case, the ALJ identified "back disorder" and obesity[3] as severe medically determinable physical impairments. The Court finds these impairments could reasonably be expected to cause or contribute to Plaintiff's hip and bilateral knee pain. At the third step of the sequential evaluation process, however, the ALJ discussed the severity of these medically determinable impairments. Ultimately, the ALJ accounted for these impairments by limiting Plaintiff to light work with some postural limitations.

Likewise, Mr. Zavala's symptoms, including insomnia, fatigue, malaise, and anxiety are attributable to his medically determinable, severe mental impairments including adjustment disorder, depression, and PTSD—mental impairments that were actually diagnosed. The ALJ accounted for Mr. Zavala's mental functional limitations by limiting him to "simple, routine and repetitive tasks" with "no contact with the general public" and only superficial interaction with supervisors and co-workers. (TR. 19). None of the medical records upon which Mr. Zavala relies indicates that he has functional limitations in addition to those included in the RFC.

---

[3] Obesity is not a listed impairment. Nevertheless, Social Security Ruling (SSR) 02–1p requires an ALJ to consider the effects of obesity when assessing RFC, including the fact that "the combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately." Titles II & XVI: Evaluation of Obesity, SSR 02–1p, 2000 WL 628049, at *1 (Sept. 12, 2002). In this case, the ALJ thoroughly discussed the possible effects of Plaintiff's obesity on limitations caused by other medically determinable impairments.

The Court acknowledges that the ALJ did not specifically state that Mr. Zavala's diagnoses included IBS and GERD.[4] The medical records to which Mr. Zavala refers generally list one or both of these conditions as "problems," but most of the records indicate Mr. Zavala was actually being treated for some other impairment. (ECF 21:9). Nevertheless, the record supports a finding that Mr. Zavala's IBS and GERD are medically determinable impairments. One medical record reported Plaintiff's IBS and GERD were "not well-controlled," (TR. 887), and one record from an emergency room visit indicates Plaintiff was complaining of abdominal pain and GERD. (TR. 841-842). And because the ALJ did not list them with the impairments he found to be "severe," common sense dictates that the ALJ considered IBS and GERD to be nonsevere. *See* Keyes–Zachary v. Astrue, 695 F.3d 1156, 1166 (10th Cir. 2012) ("In conducting our review, we should, indeed must, exercise common sense.").

But even when an ALJ disregards nonsevere impairments when assessing a claimant's RFC, such an error does not necessarily warrant remand if the evidence in the case does not support a finding of functional limitations from the non-severe impairments. *See Alvey v. Colvin*, 536 F. App'x 792, 794 (10th Cir. 2013) (court may employ a harmless-error analysis sua sponte on appeal when harmlessness is not fairly debatable, and reversal would result in futile and costly proceedings).

---

[4] The ALJ did cite to one medical record generated before the relevant period of disability allegedly began—the results of imaging of Plaintiff's upper abdomen completed on June 12, 2009, that revealed a normal upper gastrointestinal series and normal small bowel. The ALJ noted Plaintiff was released without restrictions. (TR. 20).

At step four, Plaintiff bears the burden of establishing his RFC. *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). In this case, Mr. Zavala has not demonstrated that either his IBS or GERD results in functional limitations greater than those included in the RFC. Thus, the Court concludes any error the ALJ made in failing to discuss nonsevere impairments is harmless.

## B. Step Five Challenge

Mr. Zavala contends that two of the three jobs the VE identified at step five require a "reasoning level" greater than that of which he is capable.

At step four of the sequential evaluation, Mr. Zavala demonstrated that he was unable to perform his past relevant work of truck driver, a job requiring the ability to perform heavy exertional work. At step five, the VE testified Mr. Zavala could perform other jobs existing in significant numbers in the national economy including Office Helper, listed in the DOT at 239.567-010; Laundry Sorter, DOT code 361.687-014; and Bakery Racker, DOT code 524.687-018.

Mr. Zavala correctly notes that the jobs of Office Helper and Laundry Sorter require a General Education (GED) Reasoning level of two. He argues the mental limitation in the RFC—that he could "understand, remember and carry out simple, routine and repetitive tasks"—is inconsistent with a Reasoning level of two, leaving only one job identified by the VE that he could perform.[5] The Court disagrees.

---

[5] The Court need not determine whether the one job with Reasoning level 1 exists in "significant numbers" in the national economy. The combined number of all three jobs, all of which Plaintiff is capable of performing, is 331,000. In *Evans v. Colvin*, 640 F. App'x 731, 736 (10th Cir. 2016), the Tenth Circuit stated that, though there is no bright line rule regarding the number of cases needed to be a "significant number," 152,000 jobs constitute a "significant number."

9

The DOT's descriptions of Reasoning levels one and two are as follows:

LEVEL 2
Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations.

LEVEL 1
Apply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job.

DOT, Appendix C - *Components of the Definition Trailer*, 1991 WL 688702.

The Tenth Circuit Court of Appeals has addressed this issue. In *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005), the Court held that a limitation to "simple and routine work tasks" was inconsistent with the demands of level-three reasoning, but consistent with the demands of level-two reasoning. Thus, this Court finds no error with the ALJ's step five findings.

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **AFFIRMS** the Commissioner's decision.

ENTERED on December 21, 2021.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE